NATHAN HAYWARD *vs.* THE NEW ENGLAND MUTUAL FIRE
INSURANCE COMPANY.

A by-law of a mutual fire insurance company required the applicant to state in
writing his interest in the property to be insured; and in answer to the question,
"Is the property incumbered; if so, how much?" the applicant stated, "About
$3,000." In fact it was mortgaged for $4,000. *Held,* that the misrepresentation
avoided the policy.

ASSUMPSIT on a policy of insurance, dated February 22,
1850, on a building in New Bedford. At the trial in this
court before *Metcalf*, J. it appeared that the plaintiff, in his
application for insurance, in answer to the question, " Is the
property incumbered; if so, how much;" stated " About
$3,000." The incumbrance was a mortgage, and was proved
to have been for $4,000. The policy was granted "on the
express condition that the cash value of the property insured
is at least $4,200; otherwise the policy is void." The defend-
ants contended that the policy was void, on account of the
misrepresentation of the amount of the incumbrance; but
the presiding judge ruled that this misrepresentation would
not necessarily avoid the policy. The verdict being for the
plaintiff, the defendants excepted to the above ruling.

*C. B. Farnsworth*, for the defendants.

*H. G. O. Colby*, for the plaintiff.

BIGELOW, J.   It has been determined by this court in the
recent case of *Davenport* v. *The New England Mutual Fire
Insurance Company*, 6 Cush. 340, that a representation made
to the defendant corporation in an application for insurance
on a building against fire, that there was no incumbrance
upon it, although the defendants had no lien on the premises,
was material; and, if false, avoided a policy issued by them.
The present case seems to us to fall very clearly within the
principle established by that decision. The precise inquiry
put to the plaintiff by the defendants, and answered by him
in his application for insurance, was, " Is the property in-
cumbered; if so, how much, and to whom? " The chief
purpose of this inquiry is obvious. It was to enable the
defendants to judge of the ability of the applicant to meet

the engagements he was about to enter into with them. Being a mutual insurance company, without any fixed capital to which to resort in case of losses, their main reliance for this purpose was upon their deposit notes. The security which these afforded to them, as a fund out of which to meet their own liabilities, depended in great measure, especially where, as in the case at bar, they could claim no lien upon the property insured, upon the ability of persons holding policies, to pay their deposit notes. To ascertain this, it was important for the defendants to know the interest which the plaintiff had in the property, the extent to which it was incumbered by mortgages, and the value of his right in equity to redeem the estate. The inquiry was, therefore, material and the defendants had a right to require that the answer should be substantially true. The materiality of this representation becomes more apparent, when considered in connection with the express warranty or condition contained in the application, and the policy, that the " cash value of the property insured was at least four thousand two hundred dollars." If the statement in the application as to the mortgage upon the estate had been true, the assured was then the owner of a right in equity worth twelve hundred dollars over the incumbrances, and might well be supposed of sufficient ability to pay his deposit note. Whereas, in fact, at that very time, the estate was incumbered to nearly its full value, leaving an interest in the assured, subject to all contingencies, in value but little more than the amount of the premium note.

It seems to us quite too clear to admit of a doubt, that the answer given by the plaintiff in his application to the inquiry respecting incumbrances, was materially false. Making all due allowances for the loose manner in which such documents are often prepared, and giving the plaintiff the full benefit of the word " about " as qualifying and limiting his answer, it cannot in any view be deemed to be substantially true. To hold so wide a deviation from the fact to be immaterial, would be to defeat the very purpose which the questions and answers in the application were intended to accomplish, and render them

but a vain and idle ceremony. We are, therefore, of the opinion that the representation, as to the amount of the incumbrance upon the property, was a material one, which the plaintiff was bound to make substantially true, and that, having failed to do so, he cannot recover upon his policy.

*Exceptions sustained*